IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RON MCKENZIE                                                                                              PLAINTIFF

v.                                         4:15-CV-00552-JM-JJV

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration,                                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge James M. Moody, Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Ron McKenzie, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted briefs and the case is ready for a decision. After carefully considering the record as a whole, for the following reasons, I find the decision of the Commissioner is supported by substantial evidence.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts

from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and recommend the Complaint be DISMISSED.

Plaintiff is fifty-one years old. (Tr. 40) He is a high school graduate and attended some college. (*Id.*) He has past relevant work as a call center operator, automobile detailer, and retail stocker. (Tr. 31)

Plaintiff alleges he is disabled due to diabetes and blindness. (Tr. 77) The ALJ[1] found Mr. McKenzie had not engaged in substantial gainful activity since April 18, 2012, the alleged onset date. (Tr. 25) He has "severe" impairments in the form of diabetes mellitus type 1, and visual impairment. (*Id.*) The ALJ further found Mr. McKenzie did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 26)

The ALJ determined Mr. McKenzie had the residual functional capacity to perform a reduced range of light work given his visual impairment. (*Id.*) With the aid of a vocational expert, the ALJ determined Mr. McKenzie could perform his past work as a call center operator despite his impairments. (Doc. No. 73) Accordingly, the ALJ determined Mr. McKenzie was not disabled. (Tr. 31)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council[3] denied Plaintiff's request for a review of the ALJ's decision, making

his decision the final decision of the Commissioner.  (Tr. 1-4)  Plaintiff filed the instant Complaint

initiating this appeal.  (Doc. No. 2)

Plaintiff disagrees with the ALJ's credibility assessment. The ALJ considered Plaintiff's

subjective complaints in light of Social Security Ruling 96-7p.  (Tr. 29-31)  That ruling tracks

*Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), which states:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints.  The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1.  the claimant's daily activities;
>
> 2.  the duration, frequency and intensity of the pain;
>
> 3.  precipitating and aggravating factors;
>
> 4.  dosage, effectiveness and side effects of medication;
>
> 5.  functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Plaintiff clearly suffers from limitation with the combination of his impairments.  However,

the objective medical records simply fail to support a claim of complete disability.

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or

which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 1382(a)(3)(A).  A "'physical or mental impairment' is an impairment that results from

anatomical, physiological, or psychological abnormalities which are demonstrable by medically

---

[3]I note that Plaintiff's strongest evidence of disability was submitted to the Appeals Council but this evidence was outside the date of the ALJ's decision and cannot be considered here.

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

Plaintiff's most compelling medical evidence was from a December 2013 hospitalization from an acute diabetic episode. (Tr. 336-338) Although this episode was alarming, there is no evidence to support a claim that this event or its residual effects lasted the requisite time period to be considered disabling. Mr. McKenzie indeed has some residual effects later in the month (Tr. 370) but his residual limitations do not amount to disability.

Rather than focusing on a diagnosis, the ALJ rightly placed substantial weight on Plaintiff's long list of activities of daily living. The ALJ found that while Mr. McKenzie claimed substantial limitation, he reported playing on his computer for hours at a time, and performed many household chores - including mowing the law. (Tr. 30) And while Mr. McKenzie is credited for his solid work history, I note he testified he stopped working at his last three jobs because he was laid off. (Tr. 48-49)

A review of the ALJ's opinion shows he considered Plaintiff's subjective allegations at some length, but found them less than credible. (Tr. 29-30) His credibility analysis was proper. He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds. v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart,* 354 F.2d 710, 714 (8th Cir. 2003). The ALJ is always in the best position to gauge the credibility of a claimant's testimony. Thus, the ALJ is granted deference in this regard. *Schultz v. Astrue*, 479 F.3d 979, 982-983 (8th Cir. 2007). Accordingly, I find no basis to overturn the ALJ's residual functional capacity determination.

With regard to the argument that the ALJ failed to develop the record, Plaintiff bears a heavy burden in showing the record has been inadequately developed. He must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). Plaintiff has shown neither. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an

informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). In this case, the record was sufficient upon which to make an informed decision.

Plaintiff has advanced other arguments which I have considered and find to be without merit. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 1st day of March, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE